IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01770-LTB-MEH

NORMAN CATMAN,

      Plaintiff,

v.

WARDEN BRILL, The Officers, Directors, and the Stock Holders of Correction Corporation of
America (C.C.A.), et al.,

      Defendant.

---

## RECOMMENDATION ON MOTION TO REMAND

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Plaintiff's Motion to Remand to State Court [filed August 29,
2008; docket #10].  The matter is briefed and has been referred to this Court for recommendation
[docket #11].  Oral argument would not materially assist the Court in adjudicating this motion.  For
the reasons stated below, this Court recommends that Plaintiff's Motion to Remand be **denied**.[1]

Plaintiff seeks remand of this case to Bent County District Court asserting that his state law

---

[1]Be advised that all parties shall have ten (10) days after service hereof to serve and file any
written objections in order to obtain reconsideration by the District Judge to whom this case is
assigned.  Fed. R. Civ. P. 72.  The party filing objections must specifically identify those findings
or recommendations to which the objections are being made.  The District Court need not consider
frivolous, conclusive or general objections.  A party's failure to file such written objections to
proposed findings and recommendations contained in this report may bar the party from a de novo
determination by the District Judge of the proposed findings and recommendations.  *United States
v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file
written objections to the proposed findings and recommendations within ten (10) days after being
served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate
Judge that are accepted or adopted by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985);
*Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d
1159, 1164 (10th Cir. 1986).

claims of malpractice, negligence and deliberate indifference are the bases for his action, and arguing that remand will best serve the interests of justice since he is incarcerated in a location closest to the court in Bent County and "considerable time and expense . . . will be greatly reduced" by transportation of the Plaintiff for necessary court appearances. Defendant counters that, in order to remand, the Plaintiff must demonstrate that this Court has no jurisdiction to hear the case.

Federal courts are courts of limited jurisdiction and may exercise jurisdiction only when specifically authorized to do so. *Rundle v. Frontier-Kemper Constructors, Inc.*, 170 F. Supp.2d 1075, 1077 (D. Colo. 2001) (citing *Castaneda v. Immigration and Naturalization Serv.,* 23 F.3d 1576, 1580 (10th Cir. 1994)). Removal of a case from the state court to the federal court is governed by 28 U.S.C. § 1441. That statute reads:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). As a result, if the Court lacks jurisdiction over this case, I must recommend remand the case back to state court pursuant to 28 U.S.C. § 1447. Because federal courts are courts of limited jurisdiction, there is a general presumption against such jurisdiction, and the party invoking it bears the burden of proof. *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995). Federal courts have original jurisdiction over cases that the Constitution and Congress have granted them authority to hear. *ICG Telecom Group v. Qwest Corp.*, 375 F.Supp.2d 1084, 1086 (D. Colo. 2005).

In his Complaint, Plaintiff specifically alleges that Defendant Warden Brill "did violate and allow to be violated the paintiffs [sic] eighth (8) and fourteenth (14) amendment rights."

(Complaint, docket #1-2 at ¶ 13.)  In addition, he asserts that certain persons employed by Correction Corporation of America and Kit Carson Correctional Facility "violat[ed] the plaintiffs Eigth [sic] (8) and Fourteenth amendment rights, of equal protection under the law and freedom from cruel and unusual punishment." (*Id.* at ¶ 14.)  Such claims are properly brought pursuant to 42 U.S.C. § 1983.

Defendant timely filed its Notice of Removal in this case on August 19, 2008, after being served with the Summons and Complaint on July 30, 2008. (*See* docket #1.)  In its Notice, Defendant states that Plaintiff's Complaint asserts constitutional claims pursuant to 42 U.S.C. § 1983, which qualifies as a United States law within the meaning of 28 U.S.C. § 1331 triggering this Court's federal question jurisdiction. (*Id.*)

The Court agrees with Defendant.  Because Plaintiff's claims are raised under federal law and the United States Constitution, this Court has original jurisdiction to hear the case.  Moreover, there is nothing requiring or authorizing remand in 28 U.S.C. § 1441 "to serve the interests of justice."  Therefore, this Court recommends that the motion to remand be denied.

Accordingly, for the reasons stated above, it is hereby RECOMMENDED that Plaintiff's Motion to Remand to State Court [filed August 29, 2008; docket #10] be **denied**.

Dated at Denver, Colorado, this 29th day of September, 2008.

BY THE COURT:


 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge