IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01770-LTB-MEH

NORMAN CATMAN,

    Plaintiff,

v.

WARDEN BRILL,
CORRECTION CORPORATION OF AMERICA, INC. (C.C.A.), and,
JOHN AND JANE DOES #1 - #15,

    Defendants.

# ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Plaintiff's Motion Requesting Leave to Amend Complaint for Negligence ("Motion to Amend") [docket #22]. The matter is briefed, and oral argument would not materially assist the Court in adjudicating the motion. For the following reasons, the Motion to Amend is **granted**.

**A.**    **Background**

    Plaintiff seeks to add several Defendants to this lawsuit. More particularly, Plaintiff seeks to clarify his original complaint to properly name additional defendants in this action. Plaintiff's original complaint mentions those individuals and the corporation he seeks to add now, but such persons are not named properly in the original pleading. *See* docket #1-2 at ¶ 3. Therefore, Plaintiff wishes to amend his pleading to clarify the named Defendants.

    Defendant Warden Brill objects to Plaintiff's motion arguing that Plaintiff's failure to attach a proposed pleading should serve as a reason to deny the motion, since Plaintiff's identification of

the additional parties is inadequate. In addition, Defendant contends that the proposed amendments would be futile since Plaintiff's allegations do not describe any alleged unconstitutional conduct undertaken by Corrections Corporation of America.

The Court held a scheduling conference not long after Defendant filed its response, and instructed the Plaintiff to file a proposed Amended Complaint, which the Plaintiff did on October 20, 2008 [docket #28]. The Amended Complaint reflects only the addition and clarification of the named defendants Plaintiff wishes to add. All other allegations remain the same as in the original complaint.

The Court also permitted Plaintiff to file a reply to Defendant's response and allowed Defendant to file a surreply on or before November 7, 2008 [docket #31]. However, neither party filed any additional briefing.

**B.     Analysis**

Once a responsive pleading to the complaint is filed, a party may amend its complaint only by leave of the court or by written consent of the adverse party. *Id.; Foman v. Davis,* 371 U.S. 178, 182 (1962). The grant or denial of leave is committed to the discretion of the district court. *See Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). The Court must heed Rule 15's mandate that leave is to be "freely given when justice so requires." Fed. R. Civ. P. 15(a); *Foman,* 371 U.S. at 182; *Duncan,* 397 F.3d at 1315. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182. Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed,

2

or futility of amendment." *Duncan*, 397 F.3d at 1315; *see Foman,* 371 U.S. at 182.

An amendment is futile if it would not survive a motion to dismiss. Dismissal is warranted, and therefore amendment is futile, only if Plaintiff can prove no set of facts in support of his amendment that would entitle him to relief. *E.g., Beckett v. United States*, 217 F.R.D. 541, 543 (D. Kan. 2003). The Court must review the Complaint to determine whether it contains "enough facts to state a claim to relief that is plausible on its face." *Anderson v. Suiters*, 499 F.3d 1228, 1232 (10th Cir. 2007) (citations omitted). This minimal standard requires the plaintiff to establish "a reasonable likelihood of mustering factual support for these claims," *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007), by "sufficiently alleg[ing] facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

Here, Defendant claims that Plaintiff's identification of the parties, as described in his motion, is inadequate in that it "does not describe any alleged unconstitutional conduct undertaken by Corrections Corporation of America." Docket #25 at 3. However, the Plaintiff has since identified the additional parties in a proposed amended complaint, and Defendant has chosen not to accept this Court's invitation to respond to the proposed pleading. The Court finds that Plaintiff meets the minimal standard of sufficiently alleging enough facts to state a claim for relief that is plausible on its face. Therefore, the Court finds that Plaintiff has established good cause for amending his Complaint.

### III. Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that the Plaintiff's Motion Requesting Leave to Amend Complaint [filed September 18, 2008; docket #22] is **granted**, and the

Clerk of the Court is directed to accept the proposed Amended Complaint [docket #28] for filing. To the extent service has not been waived, Plaintiff shall serve the Amended Complaint on the additional Defendants in accordance with Fed. R. Civ. P. 4 and other applicable rules.

Dated at Denver, Colorado, this 17th day of November, 2008.

BY THE COURT:


 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge