IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01770-LTB-MEH

NORMAN CATMAN,

    Plaintiff,

v.

WARDEN BRILL, The Officers, Directors, and the Stock Holders of Correction Corporation of America (C.C.A.), *et al.*,

    Defendant.

---

### RECOMMENDATION ON MOTION TO DISMISS

---

**Michael E. Hegarty, United States Magistrate Judge.**

    Pending before the Court is Defendant Brill's Motion to Dismiss [filed August 22, 2008; docket #3]. The matter is briefed and has been referred to this Court for recommendation [docket #6]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, this Court recommends that Defendant's Motion to Dismiss be **granted**.[1]

### BACKGROUND

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

According to his Complaint,[2] Plaintiff was incarcerated at the Kit Carson Correctional Facility in September 2007 to serve a 180-day parole violation. (Docket #1-2 at ¶4.) In November 2007, the inmate population, including Plaintiff, was offered a flu vaccination by the medical department at the Kit Carson Correctional Facility. (*Id.* at ¶5.) Plaintiff explained to the nurses in the medical department that he needed a Pneumovax 23 shot, as he was without a spleen, and it was time for him to be re-vaccinated. (*Id.* at ¶6.) The nurses in the medical department advised Plaintiff that they would check on getting his shot and that he should submit a kite requesting the vaccination. (*Id.* at ¶7.) Plaintiff was advised the next day at the medication dispensary that the corporate office would need to make the decision on whether to provide the vaccination. (*Id.* at ¶8.)

Approximately one week later, while at the medication distribution window, Plaintiff was advised that because he was paroling in a few weeks "corporate [was] going to stall and not give [him] the shot." (*Id.* at ¶9.) Plaintiff was paroled on December 12, 2007 and, on December 17, 2007, he was admitted to Denver Health Medical Center and treated for bacterial pneumonia. (*Id.* at ¶10.) He was released from the hospital on December 21, 2007, but had to return on December 24, 2007 for dehydration and breathing problems related to the pneumonia. (*Id.* at ¶12.)

Plaintiff alleges that Defendant Warden Brill was in dereliction of his duties in that he did not insure that all inmates were treated to and afforded the same rights and liberties. (*Id.* at ¶13.) Specifically, he asserts that Defendant Brill "did violate and allow to be violated the paintiffs [sic] eighth (8) and fourteenth (14) amendment rights." (*Id.*) In addition, Plaintiff asserts that Brill and others "ignored his request," and that his hospitalization was a "direct result of defendants [sic]

---

[2]Plaintiff filed a proposed Amended Complaint on October 20, 2008. However, the proposed amendments include only the identification of additional defendants; no allegations against Defendant Brill were changed.

willful disregard for his safety." (*Id.* at ¶ 15-16.)

## DISCUSSION

**I.      Standard of Review**

     A.     <u>Dismissal under Fed. R. Civ. P. 12(b)(6)</u>

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all of the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff. *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197 (2007); *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1968-69 (2007). Courts should look to the specific allegations of the complaint to determine whether they plausibly support a legal claim for relief-- that is -- a complaint must include "enough facts to state a claim for relief that is plausible on its face." *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1236 (10th Cir. 2007); *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). The complaint must sufficiently allege facts supporting all of the elements necessary to establish an entitlement to relief under the legal theory proposed. *Lane v. Simon*, 2007 WL 2136579, *3 (10th Cir. July 26, 2007). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

     B.     <u>Dismissal of a *Pro Se* Plaintiff's Complaint</u>

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory

3

on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. A dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

## II. Personal Participation under 42 U.S.C. § 1983

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic,* 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham,* 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman,* 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati,* 475 U.S. 469, 479 (1986); *McKee v. Heggy,* 703 F.2d 479, 483 (10th Cir. 1983).

A defendant may not be held liable merely because of his or her supervisory position. *See Kite v. Kelley,* 546 F.2d 334, 336-38 (10th Cir. 1976) ("federal officer may not be held monetarily liable for acts of his subordinates resulting in the deprivation of constitutional rights"). To establish individual supervisory liability, a plaintiff must establish a "deliberate, intentional act" by a supervisor such that there is a "sufficient causal connection" between the supervisor and the constitutional violation. *Serna v. Colo. Dep't of Corr.,* 455 F.3d 1146, 1151 (10th Cir. 2006). Mere negligence is not sufficient to establish liability. *Id.* Rather, a plaintiff must show active

4

participation or acquiescence through personal participation, exercise of control or direction, failure to supervise, or tacit authorization of the offending acts. *Id.* at 1152-53. If a warden is responsible for proper management of a jail, the warden may be accountable if he "knew or should have known of the misconduct, and yet failed to prevent future harm." *See Meade v. Grubbs,* 841 F.2d 1512, 1528 (10th Cir. 1988) (citations omitted).

Here, Plaintiff's allegations are insufficient to meet the standards necessary to overcome a motion to dismiss. Plaintiff alleges only that, as a result of the fact that he did not receive a requested vaccination, "Warden Brill [ ] was in dereliction of his duties in that he did not insure that all inmates were treated to and afforded the same rights and liberties, thereby he did violate and allow to be violated the paintiff's [sic] eighth (8) and fourteenth (14) amended rights." Plaintiff does not allege that Defendant Brill knew or should have known about his non-receipt of the vaccination, or that he actively participated in the decision not to give Plaintiff the vaccination. Therefore, on this basis alone, the Court recommends that Plaintiff's claims against Defendant Brill be dismissed.

### III.  Fourteenth Amendment

Even if Defendant Brill were found to be liable as a supervisor, Plaintiff's allegations regarding any Fourteenth Amendment claim are insufficient.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe,* 457 U.S. 202, 216 (1982)). The challenged disparate treatment must be the result of purposeful discrimination. *Harris v. McRae,* 448 U.S. 297, 323 (1980). To properly allege an equal protection claim, a plaintiff must plead

sufficient facts to "demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Veney v. Wyche,* 293 F.3d 726, 730 (4th Cir. 2002).

In this case, Plaintiff fails to show he is "similarly situated" to any particular group. The Complaint contains no allegations that demonstrate other similarly situated inmates received a "pneumovax" vaccination while he did not. In addition, Plaintiff has not shown any disparate treatment or purposeful discrimination. In fact, Plaintiff fails to allege any specific facts upon which this Court may discern a claim for a violation of the Equal Protection Clause. Accordingly, the Court recommends that Plaintiff's Fourteenth Amendment Equal Protection Claim be dismissed.

## IV. Eighth Amendment

Similarly, Plaintiff's allegations fail to rise to the level of a viable claim under the Eighth Amendment.

It is well established that prison officials violate the Eighth Amendment if their "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble,* 429 U.S. 97, 104 (1976) (internal quotation marks omitted). However, a claim based on "an inadvertent failure to provide adequate medical care" or alleging "that a physician has been negligent in diagnosing or treating a medical condition" does not state a valid claim of medical mistreatment under the Eighth Amendment. *Kikumura v. Osagie,* 461 F.3d 1269, 1291 (10th Cir .2006) (citations omitted). "Rather, 'a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.' " *Self v. Crum,* 439 F.3d 1227, 1230 (10th Cir. 2006) (quoting *Estelle,* 429 U.S. at 106).

To demonstrate an Eighth Amendment violation, an inmate must satisfy both objective and

6

subjective elements. The objective component is met if the deprivation is "sufficiently serious," *i.e.*, one that "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Oxendine v. Kaplan,* 241 F.3d 1272, 1276 (10th Cir. 2001) (quoting *Hunt v. Uphoff,* 199 F.3d 1220, 1224 (10th Cir. 1999)). The subjective component of the deliberate indifference test is met if the defendant "knows of and disregards an excessive risk to inmate health or safety." *Sealock v. Colorado,* 218 F.3d 1205, 1209 (10th Cir. 2000). A prison medical professional who "knows that his role in a particular medical emergency is solely to serve as a gatekeeper for other medical personnel capable of treating the condition" may be held liable under the deliberate indifference standard if that person delays or refuses to fulfill that gatekeeper role. *Id.* at 1211. "Deliberate indifference" does not require a showing of express intent to harm, rather, it is enough that the official acted or failed to act despite his or her knowledge of a substantial risk of serious harm. *Mata v. Saiz,* 427 F.3d 745, 752 (10th Cir. 2005) (citations omitted).

Again, Plaintiff fails to allege that Defendant Brill refused to provide the requested vaccination knowing of the substantial risk that Plaintiff would be hospitalized for pneumonia. Thus, Plaintiff's allegations are insufficient to state a claim under the Eighth Amendment, and his claim is properly dismissed against Warden Brill.

## **CONCLUSION**

Accordingly, for the reasons stated above, it is hereby RECOMMENDED that Defendant Brill's Motion to Dismiss [filed August 22, 2008; docket #3] be **granted**.

Dated at Denver, Colorado, this 17th day of November, 2008.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge