IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01770-LTB-MEH

NORMAN CATMAN,

    Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA (C.C.A.), and
JOHN AND JANE DOES #1 - #15,

    Defendants.

---

**ORDER ON PLAINTIFF'S MOTION TO STAY**

---

Before the Court is Plaintiff's Motion for Stay of Proceedings for Good Cause [docket #67]. The matter is briefed and has been referred to this Court [docket #20]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **denies** Plaintiff's motion.

**I.    Background**

Plaintiff instituted this action on August 19, 2008. In essence, Plaintiff alleges that he suffered violations of the Eighth and Fourteenth Amendments when he was refused a pneumovax vaccination while incarcerated at Kit Carson Correctional Facility in 2007. *See* Amended Complaint [docket #28]. On December 17, 2008, Defendant responded to the Amended Complaint by filing a Motion to Dismiss, which remains pending. *See* docket #49. Plaintiff filed the within motion on February 18, 2009, asserting that good cause exists to stay proceedings between February 13, 2009 and July 14, 2009 because, at the time he is released on parole on April 20, 2009, he will be "homeless and will have to find employment and housing." *See* docket #67 at ¶ 3. Defendant

opposes the motion arguing, first, that a stay may cause evidence to become stale and witness recollections to fail and, second, that there remains little discovery to be done. *See* docket #71 at 1-2.

## II.     Discussion

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Here, Plaintiff seeks protection from the burden of discovery at this stage in the case. A stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-2419, 2007 WL 683973, *2 (D. Colo. Mar. 2, 2007).

In this matter, staying the case until July 2009 could substantially delay the ultimate resolution of the matter, with adverse consequences such as a decrease in evidentiary quality and witness availability. Plaintiff claims that a stay of proceedings is warranted because, when he is released on April 20, 2009, he will be homeless and unemployed. However, discovery ends in this case on April 17, 2009, before Plaintiff is paroled. He states no reason why discovery cannot proceed in this case until the discovery cutoff; therefore, the Court finds no good cause to stay the proceedings between now and April 17, 2009. Thereafter, because discovery has ended, there is no reason to stay the proceedings.

Moreover, the general interests of controlling the court's docket and the fair and speedy administration of justice require that the Motion to Stay Proceedings be denied.

## III. Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff's Motion for Stay of Proceedings for Good Cause [filed February 18, 2009; docket #67] is **denied**.

Dated at Denver, Colorado, this 9th day of March, 2009.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge